# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **RICHARD BERNARD MOORE,** | Case No.: _____ |
| *Plaintiff,* | |
| v. | **DEATH PENALTY CASE** <br> Execution date: **November 1, 2024** |
| **HENRY D. McMASTER,** in his personal capacity and in his official capacity as the Governor of South Carolina, | MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| *Defendant.* | |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Richard Bernard Moore is scheduled to be executed on **November 1, 2024**, by the State of South Carolina. Under the South Carolina Constitution, as he approaches execution, Moore has the right to seek clemency from the Governor, Defendant Henry D. McMaster. S.C. Const. art. IV, § 14. In his clemency proceedings, Moore is entitled to, at minimum, basic due process requirements in his clemency proceedings, which includes having his clemency application considered and evaluated by an impartial, open-minded, and unbiased decision-maker. *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 288 (1998) (O'Connor, J., concurring).[1] However, as set forth in the Complaint, the current state clemency procedures cannot afford him the due process he is entitled to because the decision-maker (Defendant) is not an

---

[1] In *Woodard*, all of the authored opinions recognized that the Due Process Clause applies to clemency proceedings. Justice O'Connor, joined by three other justices, reasoned that "some minimal procedural safeguards apply to clemency proceedings," and Justice Stevens, writing in dissent from the outcome agreed that state clemency proceedings were subject to the Due Process Clause. 523 U.S. at 289, 292. Justice O'Connor's concurring option represents the holding of the Court because it was decided on the narrowest grounds and provided the fifth vote. *Romano v. Oklahoma*, 512 U.S. 1, 9 (1994).

impartial, open-minded, or unbiased decision-maker.[2] As set forth more fully in the complaint, Defendant not only has extensive prior personal involvement in defending Moore's death sentence on behalf of South Carolina, but also has made public declarations in his role as Governor that he will deny Moore clemency prior to any submission by Moore seeking clemency review.

For the reasons set forth below and detailed in the Complaint, this Court should grant preliminary relief, staying Plaintiff's execution, to allow the case to proceed on its merits, and ultimately declare that it would be unconstitutional for Defendant to consider Moore's clemency action and enjoin him from conducting and deciding on Moore's clemency proceedings. Moreover, this Court should declare that Defendant must refer Moore's clemency application to the State's Parole Board to consider on its merits, with the Board's decision being binding upon Defendant McMaster and any of his agents or any persons or governmental departments supervised, either directly or indirectly, by him. Without a stay of execution, Plaintiff is likely to be executed before the resolution of this case, warranting a temporary restraining order and preliminary injunction.

**ARGUMENT**

While filing a § 1983 action will not automatically result in a stay of execution, *Hill v. McDonough*, 547 U.S. 573, 583–84 (2006), one is appropriate where a Plaintiff can show a significant possibility of success on the merits. *Id*. at 584. Furthermore, preliminary injunctions are often, by necessity, "granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "[D]istrict courts may look to, and indeed in appropriate circumstances rely on, hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted." *G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd.*, 822 F.3d 709, 725–26 (4th Cir. 2016), *vacated and*

---

[2] Plaintiff incorporates all facts and legal arguments set forth in greater detail in the Complaint that was filed concurrently with this motion.

*remanded on other grounds*, 137 S. Ct. 1239 (2017). This Court must grant a preliminary injunction when the Plaintiff establishes: (1) likelihood of success on the merits; (3) irreparable harm without the preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013). Where a plaintiff makes a strong showing of irreparable harm, however, the need to show a likelihood of success on the merits is lessened. *Rogers v. Comprehensive Rehab. Assocs., Inc.*, 808 F. Supp. 493, 498 (D.S.C. 1992). Plaintiff meets this standard, and this Court should stay his execution and allow this action to proceed.

**1.      Plaintiff is likely to succeed on the merits.**

Moore has a clear, state-established right to seek clemency. S.C. Const. art. IV, § 14. Given that South Carolina has afforded him the right to seek clemency, he is constitutionally entitled to at least "some minimal procedural safeguards," in the proceedings. *Woodard*, 523 U.S. at 289. Clemency proceedings that are left to chance or arbitrary influence, or that essentially provide no process at all require judicial intervention to ensure due process is provided. *Id.*

As the complaint demonstrates, Plaintiff is likely to be denied the procedural safeguards to which he is entitled in his clemency process. Defendant, the sole decision-maker in clemency proceedings for individuals sentenced to death, was personally involved in Moore's prior judicial proceedings in his capacity as the Attorney General. In that role, he was in charge of the State's efforts to defend Moore's death sentence in both his direct appeal and state postconviction proceedings. Moreover, Defendant has a long-documented animosity to clemency and similar grace proceedings. While these statements indicate a bias against the process and demonstrate his partiality, Defendant has also already made public statements that he will deny Moore clemency,

despite the fact that Moore has never applied for clemency. Given Defendant's prior personal role in the case and explicit statements, allowing Defendant to consider Moore's clemency petition will amount to denying Moore any process whatsoever, let alone the minimum process he is constitutionally guaranteed. Moore is, therefore, likely to proceed on the merits in this case.

2.  **Plaintiff will suffer irreparable harm without preliminary relief.**

Plaintiff's execution is scheduled for November 1, 2024, less than four weeks from now. Without preliminary relief, he will be executed before this case is resolved. In cases with execution dates, like here, irreparable harm is a "certainty." *Beaver v. Netherland*, 101 F.3d 977, 979 (4th Cir. 1996).

3.  **The balance of equities weighs in Plaintiff's favor.**

The government has an "important interest in the timely enforcement of a sentence." *Hill*, 547 U.S. at 584. And a court may consider the "last-minute nature" of a pleading when deciding whether to grant equitable relief. *Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992). However, filing of this action close in time to Moore's execution date should not be held against him. Prior to the complete exhaustion of judicial process and the issuance of an execution date, Moore's claims in this case were not ripe because it was not yet the proper time for Moore to seek clemency. The Supreme Court of South Carolina set his execution date on October 4, 2024, and he filed the instant action as soon as practicable after that occurred.

Defendant will suffer little harm from a delayed execution. On the other hand, without an injunction, Plaintiff will die without being afforded the constitutionally required process in the consideration of his clemency proceedings. The importance of access to clemency proceedings is well-established in this country. As the Supreme Court has recognized, "[c]lemency is deeply rooted in our Anglo-American tradition of law, and is the historic remedy for preventing

miscarriages of justice where judicial process has been exhausted. Far from regarding clemency as a matter of mercy alone, we have called it the 'fail safe' in our criminal justice system." *Harbison v. Bell*, 556 U.S. 180, 192 (2009) (quoting *Hererra v. Collins*, 506 U.S. 390, 411–12, 415 (1993)). Executions cannot be reversed. *See Purkey v. United States*, 964 F.3d 603, 618 (7th Cir. 2020) ("Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."). In sum, preliminary relief does little to harm Defendant, while its absence creates the worst possible harm for Plaintiff. *See Barr v. Roane*, 140 S. Ct. 353, 353 (2019) (Alito, J., respecting denial of stay or vacatur) (opining that it is preferable for death-sentenced prisoners' claims to be heard on the merits "in light of what is at stake"). The balance of equities tip in Plaintiff's favor.

**4. An injunction here is in the public interest.**

It is clear that the public has an interest in clemency proceedings that comport with the requirements of the Due Process Clause. "[C]lemency exists to afford relief from undue harshness or evident mistake in the operation or enforcement of the criminal law." *Ex parte Grossman*, 267 U.S. 87, 121 (1925). The public has a long-recognized interest in ensuring unbiased and constitutionally proper process before a death sentence is carried out. *See Gardner v. Florida*, 430 U.S. 349, 357–58 (1977) ("From the point of view of society, the action of the sovereign in taking the life of one of its citizens also differs dramatically from any other legitimate state action. It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion"). A system without meaningful access to clemency proceedings "would be totally alien to our [societal] notions of criminal justice." *Gregg v. Georgia*, 428, U.S. 153, 199 n.50 (1976). Moreover, executions should be carried out cautiously and deliberately. *See Stanley v. Illinois*, 405 U.S. 645, 656 (1972)

(acknowledging that the "Constitution recognizes higher values than speed and efficiency"). There is no public interest in the execution of one of its citizens when that citizen has been denied proper constitutional process in his clemency proceedings.

**CONCLUSION**

Plaintiff's Complaint alleges sufficient facts stating the basis for preliminary relief and demonstrating that it is necessary to preserve his rights during the litigation of his underlying action. He is likely to succeed on the merits of his claim. This Court should enter a preliminary injunction so that Plaintiff can fully and fairly litigate his claim before he is executed.

October 7, 2024

LINDSEY S. VANN (Fed. ID # 11872)
ALLISON FRANZ (Fed. ID # 13953)
JUSTICE 360
900 ELMWOOD AVE, SUITE 200
COLUMBIA, SC 29201
(803) 765-1044

Respectfully submitted,

s/ Lindsey S. Vann

JOHN H. BLUME (Fed. ID #1360)
CORNELL UNIVERSITY
112 MYRON TAYLOR HALL
ITHACA, NY 14853
(607) 255-1030

*Counsel for Plaintiff*